## THE STATE OF KANSAS v. W. H. PIERCE.

### No. 466.

CRIMINAL LAW—*Embezzlement*—*Demand.* Where embezzlement is charged, under the last paragraph of section 95, chapter 100, of the General Statutes of 1897, the gist of the crime is the refusal to deliver on demand, and before a conviction can be had a demand must be proved.

Appeal from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed May 19, 1898. Reversed.

IN this action, W. H. Pierce, agent of one Reuben Gaston, was charged with unlawfully and feloniously neglecting and refusing to pay to his employer, Reuben Gaston, on demand, certain moneys and other things of value which came into his possession by virtue of such employment, after deducting his reasonable and stipulated charges and commissions for his services as such agent. Pierce was convicted and appealed to this court.

*Charles Stevens*, county attorney, for The State.
*W. R. Cowley*, for appellant.

The opinion of the court was delivered by

SCHOONOVER, J.: The appellant was charged with embezzlement, under the latter part of section 95, chapter 100, of the General Statutes of 1897. The gist of the crime as charged is the refusal to deliver on demand ; and the first question presented is, Was there a demand?

The defendant, W. H. Pierce, at the time he accepted the agency, lived in Columbus, Cherokee county, Kansas. At the time of his arrest he lived in Cherokee, Crawford county, Kansas. The prosecuting witness, Reuben Gaston, lived in Guthrie, Okla. He could not read or write. At his dictation, R. S. Elliott, of Guthrie, wrote a letter to W. H. Pierce and gave it to Reuben Gaston.

The testimony of R. S. Elliott is as follows :

"Ques. Mr. Elliott, I will ask you if you wrote a letter at the instance of Mr. Gaston? Ans. Yes, sir.

"Q. Well, you may state what you wrote in that letter to Mr. Pierce. A. I said to Mr. Pierce to send me — that is, I have reference to Gaston — to send me what money you owe me, as I am needing it badly, as my wife is sick and I cannot come at present, was the substance of it.

"Q. What name did you sign to it? A. Inside? Reuben Gaston.

"Q. Do you remember about when you wrote that letter? A. Some time near the holidays ; I can't remember the date.

"Q. Do you know what became of it after you wrote it? A. I gave it to Mr. Gaston."

There is no evidence that this letter was ever directed, stamped, or mailed. The appellee contends that Pierce admits he received this letter, and calls attention to the testimony of Reuben Gaston, as follows :

"Ques. Do you know where the last letter is that

was written for you by Mr. Elliott to Mr. Pierce? Ans. Mr. Pierce told me he had it.''

But there is no evidence that this letter containing a demand was the last letter written for Mr. Gaston by Mr. Elliott to Mr. Pierce. Our attention is also called to the testimony of Mr. Pierce, as follows :

'' Ques. In the meantime, did you receive any letters that purported to come from Mr. Gaston to you? Ans. Yes, sir.

'' Q. Do you have those letters? A. Yes, sir.

'' Q. Where are they? Is this exhibit 'H,' identified by the state, the letter that you received purporting to come from Mr. Gaston? A. Yes, sir.''

Exhibit '' H '' identified by the state cannot be found in the record, and there is no letter or exhibit purporting to have been written by Mr. Elliott for Mr. Gaston to Mr. Pierce making a demand. This is all the evidence contained in the record to which our attention has been called, or that we have been able to discover, tending to prove a demand.

There is no conflicting testimony upon this point. The evidence contained in the record and set forth in this opinion is not sufficient to establish a demand. The gist of the crime is the refusal to deliver upon demand, and a demand must be proven before any conviction can be had. The case will be reversed and remanded.